# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JANIS DENNERT**

    **Plaintiff,**

**v.**                              **Case #_____**

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA**

    **Defendants.**

_____/

## COMPLAINT

The Plaintiff, JANIS DENNERT (hereafter referred to as "DENNERT") sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereafter referred to as "LINA"), and states:

1.    This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2.    This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3.    LINA is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4.    DENNERT lives in this District.

- 1 -

5.     DENNERT is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

6.     DENNERT is and/or was a former employee of QUEST DIAGNOSTICS, INC.

7.     At all relevant times, DENNERT was a participant in an employee benefit plan providing disability benefits sponsored by her employer, QUEST DIAGNOSTICS, INC. ("the Plan").

8.     QUEST DIANGOSTICS, INC. is the Plan Sponsor for the Long Term Disability Plan.

9.     LINA is the Claim's Administrator for the Long Term Disability Plan.

10.     QUEST DIAGNOSTICS, INC. played no part in the administration of the plan or claims determination those determinations were made by LINA.

11.     QUEST DIAGNOSTICS, INC. funded its Plan by purchasing a group policy of insurance (Policy #FLK-980031) issued by LINA. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

12.     LINA made benefits determinations under the group policy, including the determination made on Plaintiff's claim.

13.     The Plan's terms do not grant discretionary authority to LINA, or alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to LINA. De novo review applies to this action.

14.     LINA not only decides which claims are paid under the Long Term Disability Plan, but it also pays any such claims from its own assets.  To the extent that the court determines that de novo review does not apply, the following factors must be considered:

     a) LINA's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are LINA assets; and

     b) As the insurer of the Plan which also makes claim determinations, LINA is subject to a higher than marketplace duty as an ERISA fiduciary.

### Standard of Review Unrelated to Claim Decision

15.     The Long Term Disability group policy was drafted in its entirety by LINA.

16.     The Long Term Disability group policy is a contract of adhesion.

17.     QUESTS DIAGNOSTICS, INC. and LINA use the group insurance policy (Exhibit A) as both the Plan document and policy language.

18.     No other plan documents exist other than the group insurance policy (Exhibit A).

19.     No originating plan document exists which instituted the LINA disability plan.

20.     No originating plan document or other document exists in which QUEST DIAGNOSTICS, INC. reserved any discretionary authority to itself in relation to the LINA disability plan.

21.     The employees or agents of QUEST DIAGNOSTICS, INC. and LINA did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from QUEST DIAGNOSTICS, INC. to LINA before purchasing the group insurance policy to fund its disability plan.

22.     At the inception of its disability plan, QUEST DIAGNOSTICS, INC. did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

23.     At the time it purchased the Long Term group disability insurance policy from LINA, QUEST DIAGNOSTICS, INC. did not have

any discretionary authority which it could delegate to an insurance company.

24.    No document prepared by LINA delegates any discretionary authority to QUEST DIAGNOSTICS, INC.

25.    There is no mention of any delegation of discretion within the four corners of the Long Term Disability insurance policy.

26.    QUEST DIAGNOSTICS, INC. was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

a)    LINA never had the authority to delegate discretion to QUEST DIAGNOSTICS. following the inception of its disability plan;

b)    Discretionary authority is a material concept that LINA never discussed with QUESTS DIAGNOSTICS, INC.

c)    The Long Term group insurance policy are a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d)    If it had power to delegate discretion, LINA did not properly delegate discretionary authority over claims decisions to QUESTS DIAGNOSTICS, INC.; or

27.    De novo review applies to this action.

28.     To the extent that this court determines that de novo review does not apply to this action, LINA pays claims from its own general assets as the claims decision maker and funder of the group insurance policy and QUEST DIAGNOSTICS, INC.  operates under a conflict of interest.

29.     LINA is the Plan's claims administrator; handling claims under the insurance policy.

30.     Any claims paid under the Long Term Group Insurance Policy, are paid by LINA entirely from LINA's assets.

31.     No assets of QUEST DIAGNOSTICS, INC. are used to pay claims under the Long Term group insurance policy.

## Long Term Disability Benefits

32.     DENNERT restates and incorporates by reference paragraphs 1-31.

33.     DENNERT stopped working due to her debilitating conditions on May 12, 2020.

34.     DENNERT was denied Short Term Disability benefits on December 13, 2020.

35.     DENNERT filed a Short Term Disability appeal on April 8, 2021.

36.     LINA approved DENNERT for Short Term Disability benefits through November 3, 2020.

37.     DENNERT requested the Long Term Disability Application on December 15, 2020.

38.     DENNERT submitted her Long Term Disability Application to LINA on January 26, 2021.

39.     LINA denied DENNERT Long Term Disability benefits on April 6, 2021.

40.     DENNERT filed an appeal on April 14, 2021, submitting the same evidence that was sent with the Short Term Disability appeal.

41.     DENNERT enclosed 689 pictures of her bowel movements with time stamps showing the severity of her gastrointestinal issues.

42.     DENNERT suffers from constant nausea, bloating, cramping abdominal pain, and fluctuates between having constipation and diarrhea. DENNERT provided evidence in her appeal of having intermittent episodes of blood in her stool.

43.     DENNERT has objectively proven the extreme symptoms she suffers from due to her gastrointestinal issues.

44.     DENNERT provided her gastroenterologist, Amy Strickland, M.D. with hundreds of photos of her stool. Dr. Strickland has not released DENNERT to return to work.

45.     On December 19, 2020, Dr. Strickland stated DENNERT requires a job which permits immediate access to the bathroom as DENNERT's flare ups are so severe. Dr. Strickland stated DENNERT would be away from her workstation for at least 30 minutes each time she has a flare up. Dr. Strickland stated DENNERT does not have an advanced notice of when she will need a restroom break and would need to go immediately.

46.     On May 27, 2021, LINA approved DENNERT for Long Term Disability benefits through November 22, 2020, but denied benefits after November 22, 2020.

47.     On May 27, 2021, LINA sent an Occupational Analysis by Stacey Nidositko, MS, CRC, a Specialists Review by Christopher Krouse, M.D, and a Specialist Review by Venkat Mohan, M.D to DENNERT to review before a final decision was issued.

48.     LINA upheld the denial on June 10, 2021.

49.     Despite submitting 689 pictures of her bowel movements, LINA still denied DENNERT Long Term Disability benefits, claiming her gastrointestinal issues do not cause restrictions and limitations.

50.     LINA stated DENNERT exhausted all administrative levels of appeal, and no further appeals would be considered.

51.     LINA has refused to pay the benefits sought by DENNERT and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability.

## Benefits in Controversy

52.     DENNERT is entitled to Long Term Disability benefits under the Plan since November 23, 2020, through the date of filing this action.

53.     DENNERT has met the definition of total disability based upon restrictions and limitations stemming from Crohn's Disease, intermittent and unpredictable bowel movements, laryngopharyngeal, right rotator cuff tear, arthritis, degeneration of lumbar interventional disc, degenerative joint disease of the shoulder region, lumbar spondylosis, sacroiliac joint pain, mechanical back pain, and carpal tunnel.

54.     DENNERT's treating physician's notes prove her restrictions and limitations have not improved since LINA refused to pay Long Term Disability benefits.

55.     DENNERT has not been released back to work.

56.     LINA claims DENNERT does not meet the definition of disability after following peer reviews by physicians that have not even examined DENNERT.

57.    DENNERT's gross monthly LTD benefit is $1,794.

58.    There are 7.23 months of past due monthly benefit payments owed through the date of filing this action therefore LINA has deprived DENNERT of the aggregate sum of $12,278.98.

59.    Plaintiff is entitled to benefits herein because:

   a) The benefits are permitted under the Plan.

   b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c) Plaintiff has not waived or relinquished entitlement to the benefit.

60.    Each monthly benefit payment owed since November 23, 2020, is a liquidated sum and became liquidated on the date the payment was due and payable.  Plaintiff seeks prejudgment interest on each such payment.

61.    Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), DENNERT is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA.  Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to her for her services.

**WHEREFORE**, the Plaintiff, DENNERT, asks this Court to enter judgment against the Defendant, LINA, a foreign corporation, finding that:

a) The Plaintiff is entitled to Long Term Disability benefits from November 23, 2020, through the filing of this lawsuit; and

b) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from November 23, 2020, to the date of filing this lawsuit total of $12,278.98 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

c) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **15th day of June 2021.**

 **/s/ William C. Demas**
WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0142920
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER LAW GROUP, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:  (727) 572-5000
Fax:  (727) 571-1415
demas@tuckerlawgroup.com
tucker@tuckerlawgroup.com
Attorneys and Trial Counsel for
Plaintiff